IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRUCO LIFE INSURANCE COMPANY, | § § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-02795 |
| | § | |
| BLANCA MONICA VILLARREAL, | § § | Honorable Lee H. Rosenthal |
| *Defendant*. | § | |

BLANCA MONICA VILLARREAL'S ANSWER
& COUNTERCLAIM

To the Honorable Lee H. Rosenthal:

Blanca Monica Villarreal answers Pruco Life Insurance Company's First Amended Complaint. She also brings a counterclaim against Pruco. In support of her answer and counterclaim, she respectfully shows the Court the following:

ANSWER

Parties

1. Ms. Villarreal lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph one of the Complaint.

2. Ms. Villarreal admits that she is a citizen of Mexico. She denies that she does business in Texas. She has appeared in this suit and is answering.

## Jurisdiction & Venue

3. Ms. Villarreal admits that she is a citizen of Mexico. She admits that the amount in controversy exceeds $75,000. Ms. Villarreal lacks sufficient knowledge and information to form a belief about the truth of the allegation that Pruco has been incorporated by Arizona or that its principal place of business is in New Jersey. If proven that Pruco is a citizen of one of the several states, Ms. Villarreal admits that the Court has subject-matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(2).

4. Ms. Villarreal denies that she does business in Texas. But she admits that this Court has personal jurisdiction over her and to the extent necessary waives personal jurisdiction. She denies that Pruco has any valid claims or actions against her or that Mr. Eduardo Gozalez Rosendi made any actionable representations in the life-insurance application at issue. She admits that Mr. Rosendi met with Mr. Carlos Sisniega in Texas. She denies that Mr. Sisniega acted as a life-insurance broker for Mr. Rosendi. Mr. Sisniega acted as Mr. Rosendi's life-insurance agent, not his broker. She admits that Mr. Rosendi  applied for a life-insurance policy with Pruco, through Mr. Sisniega. She admits that she is seeking recovery under this Texas life-insurance policy, which was issued in Texas through Mr. Sisniega. She admits that Mr. Rosendi completed and returned the application in Texas. She lacks sufficient information and knowledge to form a belief about the remaining allegations in paragraph four of the Complaint.

5.   Ms. Villarreal lacks sufficient information and knowledge about what Pruco re-
     lied on in issuing its policy to Mr. Rosendi to form a belief about the truth of
     what it relied on. Ms. Villarreal admits that Pruco issued a $16,000,000 life-insur-
     ance policy to Mr. Rosendi sometime in fall or summer 2014. She admits that
     Mr. Rosendi received the policy in Texas. She lacks sufficient information and
     knowledge to form a belief about whether Mr. Rosendi's life-insurance policy
     was issued on September 10, 2014 or on an earlier date. She admits that Mr.
     Rosendi timely made the initial premium payment and all subsequent payments
     to Pruco. She admits that he made these payments through Carlos Sisniega. Ms.
     Villarreal admits that Mr. Rosendi died on December 29, 2016 and that she in-
     formed Mr. Sisniega of Mr. Rosendi's death. Ms. Villarreal admits that she has
     made claims on the policy and that Mr. Sisniega helped her deal with Pruco's
     intransigence through this process. She further admits that on February 10,
     2017, she wrote Pruco and authorized Mr. Carlos Sisniega to have all informa-
     tion on the death claim on Mr. Rosendi's policy. In this letter, she also asked Pru-
     co to send all future requirements, updates, and communications on the claim to
     Mr. Sisniega.

6.   Ms. Villarreal denies the allegations in paragraph six of the Complaint.

7.    Ms. Villarreal is a nonresident defendant. A defendant who is not a resident in
     the United States may be sued in any judicial district under 28 U.S.C. § 1391(c)
     (3). And so she admits that venue is proper in this Court.

## Background

8.   Ms. Villareal admits that Mr. Rosendi met with Mr. Sisniega in Texas and that he filled out a life-insurance application in Texas. She admits that Mr. Rosendi stated in this application that he was a legal resident of Mexico. Ms. Villarreal lacks sufficient information and knowledge to form a belief about whether the dates alleged in paragraph eight are correct, but she admits that Mr. Rosendi completed his application sometime before December 2014. She lacks sufficient information and knowledge to form a belief about the truth of the remaining allegation in paragraph eight of the Complaint.

9.   Ms. Villarreal admits that Mr. Rosendi stated in a Pruco life-insurance application that his earned annual income was $1,800,000, his unearned annual income was $2,500,000, and his net worth was $70,150,000. Ms. Villarreal lacks sufficient information and knowledge to form a belief about the truth of the remaining allegations in paragraph nine of the Complaint.

10.   Ms. Villarreal admits that Mr. Rosendi said in his application that an employer was Interactive Four and that his occupation was "Business Owner Managerial." Ms. Villarreal lacks sufficient information and knowledge to form a belief about the truth of the remaining allegations in paragraph ten of the Complaint.

11.   Ms. Villarreal admits that on a Pruco life-insurance application, Mr. Rosendi designated Mayendi Arcos Delgado as the primary beneficiary. She admits that in his Pruco application, he said Ms. Delgado was a "non-relative." She admits that the application stated that Mr. Rosendi's address was Cerrada de Abedules,

Cuernavaca Morelos 52300. Ms. Villarreal lacks sufficient information and knowledge to form a belief about the truth of the remaining allegations in paragraph 11 of the Complaint.

12.  Ms. Villarreal admits the allegations in paragraph 12 of the Complaint.

13.   Ms. Villarreal admits the allegations in paragraph 13 of the Complaint.

14.  Ms. Villarreal lacks sufficient information and knowledge about what Pruco relied on in issuing its policy to Mr. Rosendi to form a belief about the truth of what it relied on. Ms. Villarreal admits that Pruco issued a life-insurance policy with a policy number of L9108762 and a basic face value of $16,000,000 and that this policy insured the life of Mr. Rosendi. She admits that Ms. Delgado was the original beneficiary under the policy. She admits the policy was delivered to Mr. Rosendi, with an application attached, in Texas. She admits that the policy had an effective date of September 10, 2014, at the latest.

15.  Ms. Villarreal admits that Mr. Rosendi signed Pruco's "Request to Change Beneficiary on Life Insurance Policies" form on October 26, 2016. She admits that with this change, he designated her as the "Primary" beneficiary and said on the change form that she was his wife. She admits that Mr. Rosendi designated Aldo Andrés Vargas Villarreal as the "Contingent" beneficiary. She lacks sufficient information and knowledge to form a belief about the truth of the remaining allegations in paragraph 15 of the Complaint.

16.  Ms. Villarreal admits that on December 29, 2016 Mr. Rosendi died.

17. Ms. Villarreal admits the the policy says that Pruco "will pay the beneficiary the death benefit described in this contract promptly if we receive due proof that the Insured died in the term period."

18. Ms.Villarreal does not have the documents described in paragraph 18 of the Complaint, and so she lacks the knowledge and information to form a belief about the truth of the allegations contained in paragraph 18.

19. Ms.Villarreal does not have the documents described in paragraph 19 of the Complaint, and so she lacks the knowledge and information to form a belief about the truth of the allegations contained in paragraph 19.

20. Ms. Villarreal admits that in his life-insurance application, Mr. Rosendi stated that he had an earned annual income of $1,800,000 and an unearned annual income of $2,500,000. She lacks sufficient knowledge and information about Mr. Rosendi's work history to form a belief about the truth of the allegations of his work history — allegations that date back more than 30 years — and so she denies them. She lacks sufficient information and knowledge about Mr. Rosendi's tax filings to form a belief about whether they are true. She admits that Mr. Rosendi has died. She denies the remaining allegations in paragraph 20 of the Complaint.

21. Ms. Villarreal admits that in his life-insurance application, Mr. Rosendi stated that he had a net worth of $70,150,000. She lacks sufficient knowledge and information to form a belief about the truth of the allegation that Mr. Rosendi stated that he had $48,900,000 in non-business assets and $21,250,000 in business-

related assets. She admits that Mr. Rosendi is dead. She denies the remaining al-

legations in paragraph 21 of the complaint.

22. Ms. Villarreal lacks sufficient knowledge and information to form a belief about

the truth of the allegations in paragraph 22 of the Complaint.

23. Ms. Villarreal denies that an insured's wealth is material to the risk of insuring

him or her. Ms. Villarreal lacks sufficient knowledge and information to form a

belief about the truth of the remaining allegations in paragraph 23 of the Com-

plaint.

24. Ms. Villarreal denies that the "representation" alleged in paragraph 24 of the

Complaint is material to the risk. Ms. Villarreal lacks sufficient knowledge and

information to form a belief about the truth of the remaining allegations in

paragraph 24 of the Complaint, and so she denies them.

25. Ms. Villarreal admits that Mr. Rosendi designated Mayendi Arcos Delgado as his

primary beneficiary in the life-insurance application. Ms. Villarreal denies that an

insured's relationship to the beneficiary is material to the risk. She lacks suffi-

cient knowledge and information to form a belief about the remaining allega-

tions in paragraph 25 of the Complaint, and so she denies them.

26. Ms. Villarreal admits that Mr. Rosendi, who applied for and was the insured on

the life-insurance policy at issue, is dead. She admits that in his application, Mr.

Rossendi represented himself to be a wealthy businessman with a substantial net

worth and income. Ms. Villarreal admits the she told Pruco's investigator that

her husband had no family besides her and her son, that he had few friends, and

that she knew little about his business. Ms. Villarreal denies the remaining allegations in paragraph 26 of the Complaint.

27. Ms. Villarreal lacks sufficient knowledge and information to form a belief about the truth of the allegation about what Ms. Delgado has told Pruco's investigator. She also lacks sufficient knowledge and information to form a belief about whether the address Mr. Rosendi gave in his application is "effective." She admits that in 2014 Transamerica issued Mr. Rosendi a life-insurance policy worth $10,000,000. She admits that at the time he filled out the Pruco life-insurance application, he checked the box indicating he had no existing life insurance. Ms. Villarreal denies the remaining allegations in paragraph 27 of the Complaint.

28. Ms. Villarreal admits that the body was taken from her and Mr. Rosendi's home to "Funerales Cortez" where the body was embalmed. She denies the remaining allegations in paragraph 28 of the Complaint.

29. Ms. Villarreal admits that Mr. Rosendi's body was taken from Funerales Cortez to where he was cremated and that he was cremated around noon. She admits that Mr. Cortez picked up the ashes from the crematorium and took them to J. Garcia López Funerary. She denies that the services were only an hour and that the vigil was closed casket. She lacks sufficient knowledge and information about what employees of J. Garcia Lopez Funerary saw to form a belief about the truth of the allegations about what they saw. She denies the remaining allegations in paragraph 29 of the Complaint.

30. Ms. Villarreal denies the allegations in Paragraph 30 of the Complaint.

31. Ms. Villarreal lacks sufficient information and knowledge to form a belief about the truth of the allegations in paragraph 31 of the Complaint.

32. Ms. Villarreal admits that she knows little about her late husband's business activities. Ms. Villarreal admits that she told Pruco's investigator that she didn't know any of Mr. Rosendi's family, outside of her and her son, because Mr. Rosendi had no family outside of her and her son. She denies the remaining allegation in paragraph 32 of the Complaint.

33. Ms. Villarreal admits that in 2014 Mr. Rosendi obtained a $16,000,000 life-insurance policy from Pruco. She admits that in 2016, he changed the beneficiary of the policy to her. She admits that Mr. Rosendi died on December 29, 2016. She denies that Pruco needs relief. She denies the remaining allegations in paragraph 33 of the Complaint.

## Pruco's Causes of Action

34. Paragraph 34 of the Complaint does not contain any allegations that require a response.

35. *Rescission*. Ms. Villarreal admits that Pruco issued a Texas life-insurance policy to Mr. Rossendi. She denies that Pruco is entitled to rescission or other declaratory relief. She denies the remaining allegations in paragraph 35 of the Complaint.

36. *Declaratory Judgment: Incontestability.* Ms. Villarreal admits the allegations in paragraph 36 of the Complaint.

37. Ms. Villarreal admits that § 705.104(2) of the Texas Insurance Code allows an insurance company to raise a defense based on a misrepresentation in an appli-

cation for a life-insurance policy if the insurer can show at trial that the misrepresentation was intentionally made and material to the risk. She denies that Mr. Rosendi made a misrepresentation — much less that such misrepresentation was both intentional and material to the risk.

38. Ms. Villarreal admits that both the incontestability clause and § 705.104 bar Pruco's claim for rescission. She denies that Pruco is entitled to the relief it seeks.

39. *Declaratory Judgment: Due Proof or Final Proof.* Ms. Villarreal admits that there is a justiciable controversy between the parties. She denies that Pruco is entitled to the relief it seeks.

40. *Declaratory Judgment: False Information.* Ms. Villarreal denies the allegations in paragraph 40 of the Complaint.

41. *Declaratory Judgment: Different Application.* Ms. Villarreal denies that Pruco is entitled to the relief it seeks.

42. Ms. Villarreal denies that Pruco is entitled to the relief it seeks in pages 14 and 15 of the Complaint.

## COUNTERCLAIM

## The Parties

43. Ms. Villarreal is an individual who resides in Mexico City, Mexico.

44. Pruco is an insurance company doing business in the State of Texas that has already appeared in this action.

## Factual Background

45. Ms. Villarreal is the named beneficiary under a policy insuring the life of her deceased husband, Mr. Eduardo Gonzalez Rosendi.

46. The policy was issued by Pruco Life Insurance Company.

47. The policy number is L9108762.

48. The Pruco Policy was issued on or about August 26, 2014.

49.  It had a basic amount of $16,000,000.00.

50. Pruco had full knowledge that Mr. Rosendi was a Mexican national residing in Mexico when it issued the policy.

51. All premiums related to the Pruco Policy were always timely paid.

52. All conditions precedent to Ms. Villarreal's right to recover have been fully performed.

53. Mr. Rosendi properly designated Ms. Villarreal as the beneficiary of the policy.

54.  This designation occurred on or about October 26, 2016.

55. Pruco has never made any allegation that the beneficiary designation was forged or otherwise improper.

56. Pruco has also never alleged that it failed to receive notice of the beneficiary designation.

57. Pruco did receive notice of the beneficiary designation.

58. On December 29, 2016, Mr. Rosendi died.

59. Mr. Rosendi's death was after the second anniversary of the date of issuance of the policy.

60. That is, Mr. Rosendi's death was during the incontestability period.

61.  Mr. Rosendi died as a result of acute myocardial infarction and abdominal sepsis caused by intestinal diverticula.

62. That is, Mr. Rosendi's death was the result of a heart attack that occurred after having undergone abdominal surgery in November 2016 followed by several days in the hospital for post-operative care and an additional overnight hospital stay in early December 2016 to address post-surgical complaints of chest pain.

63. Shortly after Mr. Rosendi died, Ms. Villarreal filed a claim under the Pruco Policy.

64. Pruco acknowledged the claim and told Ms. Villarreal that "when an insured's death occurs outside of the United States it is [its] normal procedure to complete a foreign death investigation."

65. Notably, Pruco told Ms. Villarreal on March 24, 2017 that there was "nothing further required" of her.

66. So she waited.

67. At some time between when Ms. Villarreal made the claim and February 9, 2017, Pruco, upon information and belief, retained Diligence International to investigate Mr. Rosendi's death.

68. Diligence International appointed Jose Luis Leon Pastor to conduct the investigation for Diligence International.

69. Diligence acted under the control of Pruco and upon Pruco's behalf.

70. Diligence International, Pruco's designated agent in charge of the investigation, has ample information that Mr. Rosendi is deceased, and it now owes the death benefit. And it has had this information for months.

71. Pruco's purpose in conducting its investigation through Mr. Pastor was to manufacture a pretext for either not paying the life-insurance benefit or delaying payment of the life-insurance benefit. The purpose of the investigation was not to do a reasonable investigation or to discover the truth about what occurred.

72. Without explanation, Pruco continues to delay payment of the claim.

73. On May 3, 2017, Pruco informed Ms. Villarreal that the process was "taking longer than normal" and that it was continuing to "gather information" needed for the claim.

74. On July 5, 2017, Ms. Villarreal, frustrated with the delay, demanded immediate payment of the death benefit, complaining that "more than six months have passed" and "all documentation requested" has been provided.

75. Pruco responded with a form letter, again offering no explanation, and apologizing that the process was "taking longer than normal" and that it was continuing to "gather information" needed for the claim.

76. On July 21, 2017, Pruco stated that Ms. Villarreal could — finally — expect a reply to her letter demanding payment in "approximately two to three weeks."

77. But no such substantive response was ever received.

78. Ms. Villarreal has provided Pruco with evidence of her husband's death and cooperated in every respect with Pruco's investigation.

79. She was interviewed by Pruco's purported investigator and has willingly cooperated to provide any information or documentation that was requested.

80. She has done nothing to prevent Pruco from conducting a full, reasonable, investigation. Nothing more is required of her.

81. Rather than conduct a full reasonable investigation, Pruco has conducted an unreasonable, outcome-orientated investigation. The purpose of this investigation was to create its cavils and excuses for not paying on the claim, or, at the least, to avoid paying on the claim for as long as possible.

## Ms. Villarreal's Causes of Action

82. Each of the earlier paragraphs is incorporated in the following:

### A.    Breach of Contract

83. Ms. Villarreal is the beneficiary of the insurance contracts issued by Pruco. Pruco breached the terms of the contract by wrongfully denying Ms. Villarreal's claim. This caused damage to Ms. Villarreal.

### B.    Prompt Payment of Claims Statute

84. The failure of Pruco to pay the claim and to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

85. Ms. Villarreal, therefore, in addition to her claim for damages, is entitled to 18% interest and attorneys' fees as set forth in § 542.060 of the Texas Insurance Code.

### C.    Bad Faith/Deceptive Trade Practices Act

86. Pruco is required to comply with Chapter 541 of the Texas Insurance Code.

87. Pruco violated § 541.051 of the Texas Insurance Code by making statements misrepresenting the terms of the policy, the benefits of the policy, or both. Pruco said that if Mr. Rosendi died it would pay his beneficiary the amount due under the policy.

88. It has failed to do so.

89. Pruco violated § 541.060 by:

    (1)    misrepresenting a material fact or policy provision relating to coverage at issue;

    (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Pruco's liability had become reasonably clear;

    (3)    failing to promptly provide to Ms. Villarreal a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)    failing within a reasonable time to affirm or deny coverage of a claim to Ms. Villarreal or submit a reservation of rights to Ms. Villarreal; and

    (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

90. Pruco violated § 541.061 by:

    (1)    making an untrue statement of material fact;

    (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

15

      (4)      making a material misstatement of law; and

      (5)      failing to disclose a matter required by law to be disclosed.

91. At all material times hereto, Ms. Villarreal was a consumer who was the beneficiary of insurance products and services purchased from Pruco.

92. Pruco has violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

> (1)      Pruco represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

> (2)      Pruco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

> (3)      Pruco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Pruco took advantage of the insured's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

93. Pruco knowingly committed the acts complained of. As such, Ms. Villarreal is entitled to exemplary damages, treble damages, or both pursuant to the DTPA and Texas Insurance Code § 541.152(a)–(b).

### D. Attorneys' Fees

94. Ms. Villarreal engaged counsel to prosecute this lawsuit against Pruco and agreed to pay her counsel reasonable attorneys' fees and expenses through trial and any appeal.

95. Ms. Villarreal is entitled to reasonable and necessary attorneys' fees from Pruco pursuant to Texas Civil Practice and Remedies Code §§ 38.001–38.003 because an attorney represents her, she presented the claim to Pruco, and Pruco did not tender the just amount owed before the expiration of the thirtieth day after the claim was presented. To the extent that Ms. Villarreal's past actions are construed to not be a presentment of claim under Texas Civil Practice & Remedies Code § 38.002(2), Pruco should consider this Counterclaim a presentment of claim.

96. Ms. Villarreal is further entitled to reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to §§ 541.152 and 542.060 of the Texas Insurance Code.

### Jury Demand

97. With this answer and counterclaim, Ms. Villarreal demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

### Damages

98. Ms. Villarreal seeks damages for the injuries Pruco has caused her. These damages include not only general damages, but also special damages, including exemplary damages, treble damages, punitive damages, consequential damages,

costs, attorneys' fees, and pre- and post-judgment interest, both statutory and otherwise.

## PRAYER

For these reasons, Ms. Villarreal prays that, upon final hearing of the case, the Court enter judgment in her favor on Pruco's claims and order that Pruco take nothing. Ms. Villarreal further prays that the Court enter judgment in her favor on her counterclaim and that she recover all damages from and against Pruco that may reasonably be established by a preponderance of the evidence and that she be awarded attorneys' fees through trial and appeal, costs of court, pre- and post-judgment interest, treble damages, and such other and further relief, general or special, at law or in equity, to which she may show herself entitled.

Respectfully submitted,

DALY & BLACK, P.C.

_____

John Scott Black
Federal ID 28467
Texas Bar No. 24012292
Richard D. Daly
Federal ID 20706
Texas Bar No. 00796429
Melissa Waden Wray
Texas Bar No. 24008614
Walt Cubberly
Federal ID 2146308
Texas Bar No. 24069557
2211 Norfolk, Suite 800
Houston, Texas 77098
Telephone: (713)655-1405
Facsimile: (713) 655-1587
jblack@dalyblack.com
rdaly@dalyblack.com
mwray@dalyblack.com
wcubberly@dalyblack.com

ATTORNEYS FOR MONICA VILLARREAL

## Certificate of Service

I certify that on December 1, 2017, I served opposing counsel this document through the Court's electronic-case-filing (ECF) system.

Walt Cubberly